WILLIAM BROWN *vs.* SOLOMON GARDNER and others.

First Circuit

Brown
*vs*
Gardner.

The jurisdiction of this court to interfere and restrain public officers who are acting illegally to the manifest injury of others is well settled; but the ground on which the court interferes in such cases is, to prevent great or irreparable injury.

Upon a bill filed to restrain the Commissioners of Highways from opening a road through an orchard of more than four years growth, and the gardens of the complainant, and after the injunction was issued, but before it was served, or the defendants had had notice of the issuing of the injunction the road was opened and the answer denied that the road passed through the orchard or gardens of complainant, and where from the evidence, it was doubtful whether the road passed through an orchard of the growth of four years and the injury was slight, the Court of Chancery refused to retain the suite, clos up the road which had been laid out, made and fenced, and also refused to award an issue *quantum damnificatus.*

It is competent for this court where it has acquired jurisdiction for the purpose of granting an injunction to retain the suit for the purpose of giving damages to the complainant; but whether this court will do so or not depends upon the circumstances of the case.

Bill filed March 5, A. D. 1839, for an injunction to restrain the defendants from laying out and working a highway.

The bill states that the complainant is owner and possessed of certain messuages or farms in the town of Cottrelville, county of St. Clair—that he has improved and cultivated said farms for many years past—that he has a garden on one of said farms which he has cultivated for more than twenty years, all of which time it has been used exclusively for that purpose. That he has a garden on the other of said farms, which he has prepared and cultivated for more than a year past. That there is a grove of maple trees on one of the farms which he has cultivated and used for a sugar orchard. That he has also an orchard on one of the farms of more than the growth of four years.

That in the month of August, 1838, defendants proceeded to lay out a road upon and across complainants farms and through said gardens and orchards. That complainant forbid the laying out and working said road, and denied the right of defendants to lay out or open the same.

States that the Commissioners of Highways have ordered the Overseers of Highways to cause the highway so laid out to be worked and opened.

That in the month of February, 1839, they actually commenced working the road and to open the same through the said farms, orchards and gardens.

Bill charges that defendants are not Commissioners of Highways duly qualified, &c., and that they did not pursue the course pointed out by the statute in laying out said highway. Charges that the necessity of said road was not certified by twelve respectable freeholders sworn by an officer duly authorized to administer oaths. Charges that the jury was not duly summoned, and drawn, and free from all legal exceptions, and were not duly sworn by an officer duly authorized to administer oaths, to assess complainants damages, and that the jury assessed no damages to complainant. Charges that the road would be more than two hundred dollars damages to complainant, if worked through his orchards, gardens, &c.

That the damages in destroying his shade trees, &c., would be irreparable.

Prays for injunction and that defendants pay damages and costs of complainant.

The answer states that defendants were duly elected and qualified as Commissioners of Highways for the said township of Cottrelville, that defendant Ward was also County Surveyor, that they had full and lawful authority to lay out said road. Admits complainant is possessed and owner of the messuages and farms, and that he has cultivated the same for many years past. States that in consequence of the old road becoming impassable, owing to its having been washed away by the water, it became necessary to lay out and establish a new road in said town. That the old road was duly and legally discontinued, and application having been made by 12 respectable free holders of said township, certifying upon oath that such road was necessary and defendants as Commissioners ordered and directed a new road to be opened, laid out and established, which necessarily crossed the farms of complainant, in the bill alluded to. That the order was made and entered on or about the twenty-first day of August, 1838.

That in November, defendants gave complainant notice to remove his fences &c., which he neglected to do, that defendants then directed the fences to be removed and road to be opened. That before doing so they applied to David Cottrell Esq., a Justice of the Peace of

said township, to obtain a jury to assess plaintiffs damages. That the Justice issued his warrant to a Constable of the township of Clay to summon nine jurors in a township other than Cottrelville to assess complainants damages—that complainant had due notice of the time and place, and attended, and on or about the third day of March, 1839, the said justice drew by lot six jurors; that they were *duly sworn* to assess the damages, and after having viewed and examined the premises they returned a verdict that complainant was entitled to no damages, which verdict was *certified* by the Justice and delivered by him to defendants.

Answer states that after the verdict of the jury, defendants offered complainant twenty-five dollars for his damages, which he refused—that complainant appeared before the jury and claimed a much higher sum.

Denies that the new road goes through any orchard on the premises of complainant of the growth of four years, or through any garden that has been cultivated four years or more.

Admits that a small portion on front of one of said farms which has never been under any inclosure, but forms a part of a large field on the site of said road, the complainant or his tenants might, on two or three occasions and not oftener, as defendants have been informed &c., have raised a few potatoes and other vegitables &c.

Denies that it was then or ever has been exclusively occupied as a garden.

Denies that there is any orchard or garden on the site of the new road, with the exception of the stubs of four or five young trees of about one inch in thickness—avers that the said trees are not of the growth of four years.

Answer admits that the new road passes through a grove of maple trees on one of said farms.

Admits that complainant forbid defendants, and denied their right to lay out said road.

States that before the service of the injunction or any knowledge thereof, the road had been opened—that the only damage done was the cutting down of several of the maple trees—that the stubs of apple trees might be easily removed, &c.

HARRINGTON AND EMMONS, for complainant.

*First.* The Court of Chancery has undoubted jurisdiction where public officers are proceeding illegally and improperly under a claim of right to injure the property of individuals, to restrain them from proceeding by injunction. *Cooper* vs. *Alden, Ante.* 96 *; Devaux* vs. *city of Detroit, Ante* 98 ; 6 *Paige* 83 *; Id.* 262.

The statute (Laws of 1833, page 108, sec. 16) provides that it shall not be lawful for the Commissioners of Highways to lay out any road through any orchard or garden without the consent of the owner thereof, if such orchard shall be of the growth of four years, or such garden shall have been cultivated as such at least four years before such highway or road shall be laid out.

The Revised Statutes (page 121 sec. 4) contains the same provision.

The bill states that the Commissioners of Highways of the town of Cottrelville were proceeding to lay out and open a road or highway through complainants garden which he had cultivated as such for more than twenty years, all of which time it had been used exclusively for that purpose ; also through an orchard of more than four years growth.

This allegation clearly gave the Court of Chancery jurisdiction, and it properly exercised that jurisdiction in granting the injunction to restrain the opening of the road through complainants orchards and gardens.

*Second.* Where the jurisdiction of the Court of Chancery has once rightfully attached and the equity which gave the jurisdiction has subsequently been defeated or destroyed, the court will retain its jurisdiction and do justice in the premises, although there may be an adequate remedy at law. 1 *Johns Ch, Rep.* 131 *;* 2 *Story's Eq.* 104 *to* 109 *;* 1 *Fonbl. Eq.* "59" note *(z) and authorities there cited.*

*Third.* The jurisdiction of this court in the premises is conceded ; and the complainant has waived no right to ask relief in this court.

*1st.* The objection to the jurisdiction of the court, that the complainant has an adequate remedy at law should be made by plea or demurrer or should be distinctly stated in the answer. *Wiswall* vs. *Hall,* 3 *Paige* 313. No such objection is made by the answer in this case. (*See also* 4 *Paige* 399.

*Second.* The complainant has waived no right to ask relief in this court.

The bill states that complainant " never gave his assent to have a " public or private road run across his said farms ; but on the contra- " ry that he refused his assent and denied the right of the said Com- " missioners, and of any other persons to run, lay out, or work a road " across his farms aforesaid ; and when he learned from the persons " calling themselves Commissioners of Highways, that they were de- " termined to run and lay out a public road through and across his " farms aforesaid and through the *gardens* and *orchards* on his said " farms as aforesaid, that he remonstrated against such a course of " proceedings, but all to no effect, &c. "

That they " proceeded to survey and lay out a road or highway " through and upon the farms of the complainant as aforesaid, and " through the *gardens and orchards* of complainant on said farms, " notwithstanding the *continued remonstrances* of complainant."

*The answer* admits that defendants went " upon the premises of " complainant, then being in his possession, and then informed him " that they were going to run a road across his said farms, to which " they asked his assent, which *he then and ever since hath withheld ;* " and they further admit that said complainant denied their right as " such Commissioners, or the right of any other person to run or lay " out or work a road across his farms ; and they also admit that com- " plainant after being advised of their determination to lay out and " establish said road as *alleged in said bill, remonstrated against* " *such proceeding,* " which remonstrance they were compelled from a sense of duty to disregard, &c.

*Answer* further admits that defendants " proceeded to, and did sur- " vey and lay out said public road or highway, through and across " said complainants farms, *notwithstanding said remonstrance ;* and " that said road was opened and worked through. And they further " admit that the complainant *may* have requested these defendants " and Overseers of Highways to desist from laying out, establishing " or working said road. "

Here there is an express *averment in the bill* which is *admitted* by the *answer* that the complainant never gave his assent, but *always re- monstrated* against the laying out and working of the road, and de- nied the right of the defendants so to do.

The statute is express (*Laws of* 1833, *page* 168, *sec.* 16 ; *R. S.* 121, *sec.* 4,) that it shall rot be lawful to lay out any road through any orchard or garden of the growth or cultivation of four years, without the consent of the owner thereof.

Did the appearance of the complainant before the jury when notified by the Commissioners to appear, waive by *implication* a right, which he positively, expressly, and at all times insisted upon, as admitted by the answer ?

The *Commissioners* are the sole judges of the necessity or propriety of laying out the road. The province of the *jury* is to judge only of the amount of damages. Suppose the complainant had objected to their assessing the damages, such objection would have availed nothing, for they had no power to judge of the necessity or propriety of laying out the road. "The jury cannot lawfully decide that there "shall be no road when the Commissioners have determined there "shall be one. 11 *Pick. Rep.* 269.

It was also *held* in the case *Hinckley et al* 15 *Pick* 447, that "the appearance of the town, before the jury ordered by the Commissioners to assess damages was not a waiver by the town, of the objection that they had not notice. And the reason given in that case is that the jury could not have acted upon such objection.

*Fourth,* If the nature of the defence is equitable though there has been a full trial at law. 2 *Barbour and Harrington's, dig.* 113; 1 *Cook* 242 ; 1 *A. K. Marshall,* 388 ; 4 *Randolph, Rep.* 537.

A. D. FRASER for defendants.

*First.* Contended that this court had no jurisdiction of the case ; that the statute (*R. S.* 125 *sec.* 30,) gives a remedy to a party who conceives himself aggrieved. by an appeal, and that where the statute provides a remedy this court will not interfere. And cited to this point 1 *Equity cases* 131; 7 *Paige* 155 ; 19 *Ves.* 448 ; 6 *Wend.* 566; 4 *Cowen* 202 ; 3 *Paige* 573 ; 1 *Id.* 114 ; 10 *Wend.* 174.

II. As to what constitutes an orchard within the meaning of the statute, see 23 *Wend.* 360.

III. The evidence on the part of the complainant is not sufficient to out weigh the answer of the defendants, and their testimony. It

is the province of the Chancellor to weigh the testimony and decide upon it. *See* 1 *Bailey's Rep.* 386 ; *Id.* 514. But even if the allega tions in the bill were well founded, it is shown that the complainant waived all objections on that ground by preferring his claim for damages. See 1 *Cowp.* 410 ; 2 *Chitt. ch. Dig.* 1342 *to* 1344 ; 2 *Hill ch. R.* 7 : *id.* 416 ; 2 *Bar. & Harring. Eq. Dig.* 126.

IV. Chancery will not, except under very particular circumstances, as there may be upon a bill for a specific performance of a contract direct an issue or a reference to ascertain damages. 17 *Ves.* 277, 8; 14 *Id.* 128 ; *Fonbl. Eq.* 59 ; 2 *Story's Eq.* 107, 109.

The cases of *Denton* vs. *Stewart* ; 1 *Cox* 258, and *Greenaway* vs. *Adams*, 12 *Ves* 395, are over-ruled so far as the principles there laid down are reconciled with the case in the 17 *Ves.* 277, 8.

In a case where it would be difficult to ascertain the injury resul ting from the breach of a contract or the sum in damages by which the injury might be compensated, this court will not themselves as certain the injury nor the damages, nor direct an issue *quantum dam nificatus.* 9 *Cranch* 456; 2 *Story's Eq.* 104 *to* 109 ; 4 *John. Ch. R.* 560; *Id.* 195; 1 *Cowen* 755; 14 *Ves*: 129 ; 17 *Id.* 278 *to* 285; 1 *Sch. and Lefroy* 25; 5 *Johns. Ch. R.* 194, 105; 3 *Meriv.* 248; 4 *Johns. ch. R.* 560.

THE CHANCELLOR.—The bill in this case was filed to restrain the defendants, Commissioners of Highways for the township of Cottrel ville, from opening a highway through premises, a part of which the complainant alleges had been used for a garden for some twenty years and a part as an orchard of more than four years growth.

The bill was filed under the provisions of the statute inhibiting any road from being laid out without the consent of the owner through any orchard of more than four years growth, or garden which had been occupied as such more than four years before the laying out of such road.

The answer of the defendants inhabitants and officers of said town expressly denies that the said road was laid out or opened through any such garden or orchard. Proofs on both sides have been taken.

It is si ngular that in relation to a matter of fact which from its very

nature we would suppose must be apparent one way or the other, we should meet with such direct contradiction as is found in the bill and the answer.

The proof however, to some extent, but not altogether, explains it. I shall not undertake to go through with the entire mass of testimony taken in this cause. With regard to what is called in the evidence the lower farm, it does not seem to me that the road can be considered as passing through an orchard of more than four years growth within the meaning of the act.

The statute must receive a reasonable construction. The object of it was to protect orchards from being cut up and severed without the consent of the owner. But one small tree and one broken stump and those as it would seem of less than four years growth when the road was laid out, and detached from the trees in an orchard adjoining, were included in the road.

There is some evidence of an intention to continue the appropriation of this ground for the purpose of an orchard. But where the fact is one of so doubtful a character and the injury so slight, it does not seem to me that the court for this cause is authorized to retain this suit, and close up this road, which has been laid out, made and fenced, or award an issue *quantum damnificatus.*

As to the garden on the upper farm there is somewhat more difficulty. Many respectable witnesses residing in the immediate vicinity say that the grounds in question have not been used for a garden. Others swear positively that they have been so used for several years. I am inclined to think, after a careful examination of the testimony, that the new road does encroach some thirty feet in the widest place upon what the last witnesses mean when they speak of a garden.

Some culinary vegitables have been raised on different portions of this piece of ground for many years; whether it has been so use devery year is very doubtful. The same portions of the ground do not seem to have been occupied for these purposes each year. And from the testimony it would seem not to have been very carefully cultivated, or to have produced much. And this explains the testimony of those witnesses residing in the immediate neighborhood, who testify that the road does not pass through any garden. From the manner in which this ground has been used, the manner in which it was found,

or rather from the fact that during a portion of the time it has been partially without a fence ; it is doubtful whether it can be called a garden within the meaning of the act. It would appear that it was not regularly enclosed, and set apart as a garden. But admitting that by possibility, it may be regarded as a garden within the meaning of the act, does this present such a case as calls upon this court to inter- fere, when if the complainant is entitled to any remedy, the courts of law can afford the same relief which is now sought here? The inju- ry, if any, is very slight. Some of the witnesses say that the com- plainant has sustained no injury; all place the damages at a small sum. The jury who were empannelled to assess the damages found that the complainant would sustain no injury.

The jurisdiction of this court to interfere, and restrain public offi- cers who are acting illegally to the manifest injury of others, is well settled. But the grounds on which this court interferes in such cases, is to prevent great or irreparable injury. Such is not the case here. The road was laid out and opened before the service of the injunc- tion. There is nothing in the case from which to infer that the Com- missioners acted in bad faith or intended any wanton violation of the rights of the complainant. The indispensable necessity for a change in the locality of this road is established. I find no evidence of un- fairness or partiality in the summoning; or the conduct of the jury summoned to assess the damages. But it is argued that as the court has acquired jurisdiction for the purpose of granting the injunction, it should retain it for the purpose of giving damages to the complain- ant. It would be competent for this court so to do. It is sometimes done. In a clear case of gross and wanton injury by public officers, under color of their office, if the purposes of justice would be better subserved than by sending the complainant to a court of law, I should be disposed to do so. But in a case like this, when the offi- cers seem to have acted in good faith, when it is doubtful whether any trespass has been committed, and when, if it should be so found, the damages, if any, must be very trifling, and a court of law can afford the complainant an adequate remedy, I do not think this court is call- ed upon to keep these defendants here, and send an issue to the coun- ty of St. Clair, first to try the fact whether the land in question was a garden or not, and then if so found, to assess the damages.

First Circuit

Brown
*vs.*
Gardner.

The convenient administration of justice will be better subserved by leaving the complainant to his suit at law in the county where the lands are situated and where the witnesses reside.

Bill dismissed.